NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MARTIN AKERMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2024-1926

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-23-0457-I-1.

_____

Decided:  February 11, 2025

_____

MARTIN AKERMAN, I, Arlington, VA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before LOURIE, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

Mr. Akerman appeals pro se a final order of the Merit Systems Protection Board. The Board denied Mr. Akerman's petition for review of an initial decision dismissing his appeal for lack of jurisdiction. We affirm.

BACKGROUND

Mr. Akerman served as an Information Technology Specialist with the National Guard Bureau ("agency"). SAppx107–08.[1] Mr. Akerman retired from the agency on June 6, 2022. SAppx11, SAppx53. On May 3, 2023, Mr. Akerman filed an appeal before the Merit Systems Protection Board ("Board") alleging several claims, some of which are related to his employment at the agency. SAppx10–11. Specifically, Mr. Akerman alleged that he was constructively forced into retirement on June 18, 2022, he has been under false arrest and false imprisonment, and the agency "refuse[d] to respond to" the Office of Personnel Management ("OPM") about his retirement benefits since November 2022, among other allegations. SAppx11, SAppx38–39. He also requested "urgent intervention by way of the Office of Workmans [sic] Compensation Program." SAppx39.

Also on May 3, 2023, the Board's Administrative Judge ("AJ") assigned to Mr. Akerman's appeal issued a show cause order. SAppx41–45. The order notified Mr. Akerman of his burden of proof to establish the Board's jurisdiction and instructed Mr. Akerman to file evidence and argument establishing jurisdiction. *Id.* Mr. Akerman responded on May 15, 2023, stating that his appeal raised the following claims: (1) an involuntary retirement claim; (2) a disability retirement claim; and (3) a Uniformed

---

[1]    "SAppx" refers to the appendix accompanying the government's responsive brief.

Services Employment and Reemployment Rights Act ("USERRA") claim.[2]  SAppx66–73.

At least twice, the AJ informed Mr. Akerman that OPM must issue him a final reconsideration letter before he can raise a disability retirement claim before the Board. SAppx12, SAppx61.  The AJ also ordered Mr. Akerman to clarify his USERRA claim.  SAppx13.  In response, Mr. Akerman alleged that the agency violated USERRA by coercing his retirement and blocking his disability retirement because of his "efforts to safeguard an officer of the Air National Guard."  SAppx79.  He also alleged that his appeal raised "an adverse Voluntary Early Retirement Authority" ("VERA") action.  SAppx83.  As a result, the AJ again issued notice to Mr. Akerman about the Board's limited jurisdiction and advised him how to establish Board jurisdiction over his USERRA and VERA claims. SAppx85–93.  Mr. Akerman submitted his final response regarding jurisdiction on May 23, 2023, which "repeated many of his prior arguments."  SAppx13.

The agency moved to dismiss Mr. Akerman's appeal for lack of jurisdiction.  The AJ construed Mr. Akerman's appeal as involving the following nine claims: (1) involuntary retirement; (2) disability retirement; (3) VERA; (4) USERRA; (5) false arrest; (6) false imprisonment; (7) habeas corpus; (8) writ of replevin; and (9) workers' compensation.  SAppx15–20.  For Mr. Akerman's first claim, the AJ determined that Mr. Akerman failed to nonfrivolously allege that at the time of his alleged June 18, 2022 retirement, he was an "employee" under 5 U.S.C. § 7511(a)(1)

---

[2]     While Mr. Akerman referred to his second claim as only a "retirement appeal," the AJ noted that in other filings before the Board, Mr. Akerman asserted a "right to disability retirement" and referenced "the denial of disability retirement."  SAppx12.  As such, the AJ construed Mr. Akerman's claim consistent with his other filings.  *Id.*

with Board appeal rights. SAppx15–16. Specifically, despite several opportunities to do so, Mr. Akerman failed to address record evidence that he resigned twelve days before his alleged involuntary retirement. *Id.* For Mr. Akerman's second and third claims, the AJ determined that Mr. Akerman failed to nonfrivolously allege that OPM issued him a final reconsideration decision letter, which is a threshold requirement for both disability retirement and VERA claims. SAppx16–17. For Mr. Akerman's fourth claim, the AJ determined that Mr. Akerman failed to nonfrivolously allege that the agency or its decision makers were aware of any USERRA-related disclosures or that his disclosures were a substantial or motivating factor in his alleged involuntary retirement. SAppx18–19. To the contrary, the record showed that Mr. Akerman made his alleged USERRA-related disclosures almost one year after his resignation and alleged involuntary retirement.[3] *Id.* Finally, for claims five through nine, the AJ determined Mr. Akerman failed to establish the Board's jurisdiction over false arrest, false imprisonment, habeas corpus, writ of replevin, or workers' compensation claims. SAppx19–20. Accordingly, the AJ granted the agency's motion to dismiss.

Mr. Akerman filed a petition for review of the AJ's initial decision. In his petition for review, Mr. Akerman clarified that with respect to his USERRA claim, he alleged the agency retaliated against him for engaging in protected activity by "not responding to [OPM] and interfering with his

---

[3]    Mr. Akerman alleged before the AJ that he made a USERRA-related disclosure to the United States District Court for the Eastern District of Virginia on October 30, 2022, a date that corresponds with one of Mr. Akerman's filings before that court. ECF No. 8 at 27, 39–44. That said, his filing on that date does not make any mention of USERRA or any discrimination against any person due to military status. *Id.*

disability retirement application." SAppx2. The Board ruled that even if the agency's action (or inaction) constituted an adverse employment action, the AJ correctly decided that Mr. Akerman failed to nonfrivolously allege that his protected activity was a motivating factor in the agency action. SAppx2–3. Mr. Akerman alleged that the agency refused to respond to OPM beginning in November 2022, whereas his protected activity occurred approximately six months later around May 2023. SAppx3. Thus it was "temporally impossible" that Mr. Akerman's protected activity was a motivating factor in the agency's refusal to respond to OPM. *Id.* The Board denied Mr. Akerman's petition for review and thus the AJ's initial decision became the Board's final decision.

Mr. Akerman appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).[4]

---

[4] In light of several of Mr. Akerman's filings alleging discrimination, we ordered the parties to address this court's jurisdiction. ECF No. 16. The government argues that we have jurisdiction. While this court has jurisdiction over appeals from certain final orders or decisions of the Board, we lack jurisdiction over appeals from "mixed" cases, i.e., cases in which a federal employee complains of suffering an adverse personnel action appealable to the Board and attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). Mr. Akerman filed a Rule 15(c) statement of discrimination, ECF No. 15, indicating that this may be a mixed case. That said, any basis for asserting discrimination must be "expressly and unequivocally stated" before the Board. *Meehan v. U.S. Postal Serv.*, 718 F.2d 1069, 1073–74 (Fed. Cir. 1983). Even considering his pro se status, the record shows that Mr. Akerman did not expressly and

STANDARD OF REVIEW

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*

DISCUSSION

Mr. Akerman argues that the Board erred by failing to "properly evaluate the temporal relationship between [his] protected activity under USERRA and the retaliatory actions" taken by the agency. Appellant Informal Br. 2. Mr. Akerman also vaguely alleges the Board failed to consider "procedural irregularities," *id.*, and in his reply brief, he repeats allegations of habeas corpus and writ of replevin claims, Appellant Informal Reply Br. 18.

Starting with Mr. Akerman's USERRA claim, on appeal, Mr. Akerman fails to show that he nonfrivolously alleged that he made a USERRA-related disclosure at an earlier date, or that the agency retaliated against him at a later date. The Board determined that Mr. Akerman alleged the agency retaliated against him in November 2022 by refusing to respond to OPM, yet Mr. Akerman alleged before the Board that he made his USERRA-related disclosure six months later, in or around May 2023. SAppx3 (citing SAppx39, SAppx101–102). Before this court, Mr.

---

unequivocally state any alleged violation of federal antidiscrimination laws before the Board. Instead, Mr. Akerman's statement of discrimination appears to reference allegations from separate proceedings not at issue in this case, as well as his USERRA claim, which "cannot be a 'mixed case.'" *Durr v. Merit Sys. Prot. Bd.*, 844 F. App'x 329, 331 n.2 (Fed. Cir. 2021) (nonprecedential). Thus, Mr. Akerman's appeal does not present a mixed case.

Akerman fails to address the substance of the Board's decision. Mr. Akerman only vaguely alleges that evidence to the contrary includes "dates and contents of communications that align [his] protected activity closely with adverse actions," but he does not meaningfully identify any such evidence. Appellant Informal Br. 2. And we do not discern any such evidence. Instead, the Board's ruling that Mr. Akerman's alleged disclosure occurred after any retaliation is supported by substantial evidence. SAppx39 ("The Agency refuses to respond to OPM since November 2022."); SAppx101–102 (letter dated May 5, 2023 in which Mr. Akerman alleges "Violations of USERRA Rights of General Garduno"). As such, the Board correctly concluded that it is "temporally impossible" that Mr. Akerman's protected activity was "a motivating factor in the agency's refusal to respond to OPM." SAppx3 (citation omitted).

Turning next to Mr. Akerman's claim of procedural error, Mr. Akerman fails to identify with any specificity how he believes the Board so erred. To the extent Mr. Akerman challenges the Board's denial of any request for a hearing, a claimant has a right to a hearing before an AJ once the claimant "makes non-frivolous claims of Board jurisdiction." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). The Board ruled that Mr. Akerman failed to nonfrivolously allege jurisdiction, and Mr. Akerman only challenges that ruling on appeal with respect to his USERRA claim, which we have rejected. As such, the Board correctly determined that Mr. Akerman was not entitled to a hearing. Finally, we also note that the AJ's repeated explanations of the Board's jurisdiction and requests for clarification, SAppx41–45, SAppx59–65, and SAppx85–93, belie any other claims of procedural unfairness to which Mr. Akerman alludes. In sum, we do not discern any error.

Finally, considering Mr. Akerman's claims of habeas corpus and writ of replevin, we agree with the Board that Mr. Akerman failed to establish Board jurisdiction over

such claims.  The Board's jurisdiction is limited to matters ascribed to it by law, rule, or regulation.  *See* 5 U.S.C. § 7512.  Mr. Akerman failed to nonfrivolously allege any law, rule, or regulation that provides the Board with jurisdiction over his habeas corpus or writ of replevin claims. As such, the Board properly dismissed these claims.

## CONCLUSION

We have considered Mr. Akerman's remaining arguments and find them unpersuasive.  For the reasons stated, we affirm the Board's denial of Mr. Akerman's petition for review.

**AFFIRMED**